IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,897-01






EX PARTE WILLIAM CARROLL MARROW, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2003-615-C IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of 
aggravated sexual assault and one count of indecency with a child. He was sentenced to
imprisonment for sixty-five years on the aggravated sexual assault counts and for fifteen years on
the indecency with a child count. The Tenth Court of Appeals affirmed his convictions. Marrow v.
State, No. 10-04-00104-CR (Tex. App.-Waco, delivered June 15, 2005, pet. ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed (1) to object to the admission of recorded conversations between Applicant and
his ex-wife; (2) to thoroughly investigate the case and advise Applicant before trial that the recorded
conversations might not be admissible; and (3) to investigate the credentials of a defense expert.
Applicant also contends that funds were illegally seized from his trust fund account in prison.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
has provided Applicant's trial counsel with the opportunity to respond, by way of affidavit, to
Applicant's claims of ineffective assistance of counsel. Habeas counsel has indicated that the trial
court has made findings of fact and conclusions of law, but no findings or conclusions appear in the
record. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. First,
the trial court shall make findings as to (1) whether counsel's claim that Applicant intended to plead
guilty is credible; (2) whether counsel's failure to file a motion to suppress the conversations
between Applicant and his ex-wife constituted deficient performance; and if so, (3) whether
Applicant was prejudiced. Second, the trial court shall make findings as to whether counsel advised
Applicant before trial that the conversations might be inadmissible and, if not, whether counsel's
performance was deficient and Applicant prejudiced. Third, the trial court shall make findings as to
whether counsel's failure to investigate the credentials of the defense expert constituted deficient
performance and, if so, whether Applicant was prejudiced. Finally, the trial court shall make findings
as to whether Applicant's funds were illegally seized from his trust fund account in prison. The trial
court shall specifically make findings as to whether Applicant received adequate notice. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 6, 2007

Do not publish